Hydee J. Riggs, Esq. (Bar No. 158779)
Law Office of Hydee J. Riggs
34145 Pacific Coast Highway, Suite 359
Dana Point, CA 92629
Telephone: (949) 335-5440
Facsimile: (888) 866-7615
Email: hydee@riggslawoffice.com

Attorneys for Robert S. Whitmore, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:21-bk-14497-WJ |
| JUANITA MAGDALENA GARZA, | Adv. No. |
| Debtor. | Chapter 7 |
| ROBERT S. WHITMORE, Chapter 7 Trustee, | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCE AND FOR TURNOVER OF PROPERTY OF THE ESTATE** |
| Plaintiff, | |
| vs. | |
| JESUS OCAMPO GAMEZ, | |
| Defendant. | |

Plaintiff Robert S. Whitmore, Chapter 7 Trustee ("Plaintiff" or "Trustee"), of the estate of Juanita Magdalena Garza ("Debtor"), complains of Jesus Ocampo Gamez ("Defendant"), as follows:

### STATEMENT OF JURISDICTION AND VENUE

1.      This adversary proceeding is filed pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§542, 544, 548, 550, and California Civil Code ("C.C.") §3439.

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157, in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Riverside Division, entitled In re Juanita Magdalena Garza, Case No. 6:21-bk-14497-WJ.

3.      This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (E), (H), and (O) and 11 U.S.C. §544. The Trustee consents to the Bankruptcy Court's jurisdiction to enter findings of fact and conclusions of law to the extent the Court may rule on any non-core issues in this proceeding.

4.      Venue properly lies in this judicial district in that this adversary proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. §1409.

5.      On August 20, 2021, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Debtor lists her residence in her Bankruptcy Schedules as 34540 Judy Lane, Cathedral City, California 92234.

6.      Trustee is informed and believes and thereon alleges that Jesus Ocampo Gomez is, and at all times herein mentioned was, a resident of Riverside County, California.

## STATEMENT OF STANDING

7.      Trustee is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate of Juanita Magdalena Garza.

8.      Plaintiff, as Trustee, has standing to bring this action under 11 U.S.C. §§542, 544, 548 and 550 and California Civil Code §3439.04.

## SUMMARY OF FACTS

9.      The Trustee is informed and believes and thereon alleges that prior to March 11, 2020, Debtor held title to property located at 34540 Judy Lane, Cathedral City, California 92234 ("Property").

10.      On March 11, 2020, Debtor executed a Grant Deed wherein Debtor transferred 50% of her interest in the Property to Defendant to be held as joint tenants for no monetary consideration which was recorded with the Riverside County Recorder's Office on October 23, 2020 as document 2020-0513737 ("Transfer" or "Estate Interest").   A true and correct copy of the October 23, 2020 Grant Deed is attached hereto as Exhibit "1".

11.      The Trustee is informed and believes and thereon alleges that at the time of the Transfer on

or about October 23, 2020, Debtor had incurred debt that as of the date of the filing of the bankruptcy petition, remained unpaid.

12.     Defendant is currently in possession and control of the Property and Estate Interest.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Fraudulent Conveyance

### Pursuant to 11 U.S.C. §548

13.     The Trustee hereby realleges and incorporates by reference paragraphs 1 through 12 of this Complaint, inclusive, as though fully set forth herein.

14.     The Trustee is informed and believes and thereon alleges that within two years prior to the filing of the bankruptcy petition, the Debtor made the Transfer to Defendant with the actual intent to hinder, delay, or defraud her then and future creditors.

15.     By reason of the foregoing, pursuant to 11 U.S.C. §548 the Trustee may avoid the Transfer to Defendant.

## SECOND CLAIM FOR RELIEF

### Avoidance and Recovery of Fraudulent Conveyance

### Pursuant to 11 U.S.C. §548

16.     The Trustee hereby realleges and incorporates by reference paragraphs 1 through 15 of this Complaint, inclusive, as though fully set forth herein.

17.     The Trustee is informed and believes and thereon alleges the Debtor received less than a reasonably equivalent value in exchange for the Transfer, and:

(a)     The Trustee is informed and believes and thereon alleges that the Debtor was insolvent at the time of the Transfer or became insolvent as a result of such Transfer; or

(b)     The Trustee is informed and believes and thereon alleges that the Debtor believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

18.     By reason of the foregoing, pursuant to 11 U.S.C. §548 the Trustee may avoid the Transfer to Defendant.

///

## THIRD CLAIM FOR RELIEF

### Avoidance and Recovery of Fraudulent Conveyance

### Pursuant to 11 U.S.C. §544 and C.C. §3439.04(a)(1)

19.    The Trustee hereby realleges and incorporates by this reference paragraphs 1 through 18 of this Complaint, inclusive, as though fully set forth herein.

20.    Pursuant to Bankruptcy Code Section 544(b), the Trustee is asserting rights of creditors under California Civil Code §3439.

21.    The Trustee is informed and believes and thereon alleges that within four years prior to the petition filing, the Transfer was made with an actual intent to hinder, delay, or defraud the Debtor's creditors.

22.    The Trustee is informed and believes and thereon alleges that:

    (a)    The Debtor retained possession or control of the Property after the Transfer.

    (b)    The Transfer was substantially all of the Debtor's assets.

    (c)    The value of the consideration received by the Debtor for the Transfer was not reasonably equivalent to the value of the Property transferred.

    (d)    The Debtor was insolvent or became insolvent shortly after the Transfer was made.

23.    By reason of the foregoing, pursuant to 11 U.S.C. §544 and C.C. §3439.04(a), the Trustee may avoid the Transfer to Defendant.

## FOURTH CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Conveyance

### Pursuant to 11 U.S.C. §544 and C.C. §3439.04(a)(2)

24.    The Trustee hereby realleges and incorporates by this reference paragraphs 1 - 23 of this Complaint, inclusive, as though fully set forth herein.

25.    Pursuant to Bankruptcy Code Section 544(b), the Trustee is asserting rights of creditors under California Civil Code §3439.

26.    The Trustee is informed and believes and thereon alleges that the Transfer was fraudulent in that the Debtor did not receive a reasonably equivalent value for the exchange for the Transfer, and:

    (a)  The Trustee is informed and believes and thereon alleges that the Transfer to

1   Defendant was fraudulent in that the Debtor believed or reasonably should have believed that she

2   would incur debts beyond her ability to pay as they became due.

3         27.    By reason of the foregoing, pursuant to 11 U.S.C. §544 and C.C. §3439.04(b), the

4   Trustee may avoid the Transfer to Defendant.

5   ### FIFTH CLAIM FOR RELIEF

6   **Recovery of Avoided Transfers or Equivalent Value**

7   **Pursuant to 11 U.S.C. §550**

8         28.    The Trustee hereby realleges and incorporates by this reference paragraphs 1 though 27

9   of this Complaint, inclusive, as though fully set forth herein.

10        29.    To the extent that the Transfer is avoided under Bankruptcy Code §§544 and C.C.

11  §3439.04, the Trustee may recover the Transfer of the Estate Interest or a money judgment against

12  Defendant in the equivalent value of the Transfer for the benefit of the estate.

13  ### SIXTH CLAIM FOR RELIEF

14  **Turnover of Property of the Estate**

15  **Pursuant to 11 U.S.C. §542**

16        30.    The Trustee hereby realleges and incorporates by this reference paragraphs 1 through

17  29 of this Complaint, inclusive, as though fully set forth herein.

18        31.    The Trustee is informed and believes and thereon alleges that the Estate Interest is

19  property of the bankruptcy estate.

20        32.    The Trustee is informed and believes and thereon alleges that the Estate Interest is

21  property which the Trustee may use, sell or lease under 11 U.S.C. §363 in the administration of the

22  bankruptcy estate, and the Property must be delivered to the Trustee under 11 U.S.C. §542.

23        WHEREFORE, the Trustee prays for relief as follows:

24        **ON THE FIRST - FIFTH CLAIMS FOR RELIEF:**

25        1.    That the Transfer of the Estate Interest to Defendant be avoided for the benefit of the

26  estate;

27        **ON THE SIXTH CLAIM FOR RELIEF:**

28        1.    For turnover of the Estate's Interest in the Property;

**ON ALL CLAIMS FOR RELIEF:**

1.    For interest on the amounts recovered, including prejudgment interest as allowed by law;

2.    For the Trustee's attorney fees incurred herein;

3.    For the Trustee's costs of suit incurred herein; and

4    For such other and further relief as the Court deems just and proper.

Dated: October 13, 2021                    LAW OFFICE OF HYDEE J. RIGGS


                                           /s/ Hydee J. Riggs
                                           HYDEE J. RIGGS
                                           Attorneys for Robert S. Whitmore, Chapter 7 Trustee

**EXHIBIT 1**

*2708*

PLEASE COMPLETE THIS INFORMATION
RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:
AND MAIL TAX STATEMENTS TO:

Juanita M. Garza De Rojas
and Jesus Ocampo-Garza
34540 Judy Lane
Cathedral City, CA 92234

**2020-0513738**
10/23/2020 03:58 PM Fee: $ 17.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Space above this line for recorder's use only

## grant deed
### Title of Document

**TRA:** _____

**DTT:** _____

### Exemption reason declared pursuant to Government Code 27388.1

☐ This document is a transfer that is subject to the imposition of documentary transfer tax.

☐ This is a document recorded in connection with a transfer that is subject to the imposition of documentary transfer tax.
Document reference:_____

☒ This document is a transfer of real property that is a residential dwelling to an owner-occupier.

☐ This is a document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier.
Document reference:_____

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

ACR 238 (Rev. 01/2018)                Available in Alternate Formats

RECORDING REQUESTED BY:

Parcel No. 673-191-008-7

AND WHEN RECORDED MAIL TO:

JUANITA M. GARZA DE ROJAS AND
JESUS OCAMPO GAMEZ
34540 JUDY LANE
CATHEDRAL CITY, CA 92234

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS $0.00 and CITY $

☒ computed on full value of property conveyed, or
☐ computed on full value less liens or encumbrances remaining at the time of sale.
☐ unincorporated area:    City of    ☒ Cathedral City, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Juanita M. Garza De Rojas, an unmarried woman, who acquired title as Juanita M. Garza De Rojas, a Married Woman as her sole and separate property

hereby GRANT(S) to    Juanita M. Garza De Rojas, an unmarried woman and Jesus Ocampo Gamez, a single man as Joint tenants

the following described real property in the County of Riverside, State of California:
LOT 134 OF CATHEDRAL ESTATES #5, IN THE CITY OF CATHEDRAL CITY, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 32 PAGE 46 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY
More commonly known as: **34540 Judy Lane, Cathedral City, CA 92234**
"This is a bonafide gift and the grantor received nothing in return, R & T 11911"

Date    3 | 11 | 2020

_Juanita M. Gara de Rojas_
Juanita M. Garza De Rojas

TRA # 19-025

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF RIVERSIDE    } s.s.

On 3 | 11 | 2020 , before me, MARIO A. GARCIA Public NOTARY
personally appeared JUANITA M. GARZA de ROJAS, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____ (Seal)

MARIO A. GARCIA
Notary Public - California
Los Angeles County
Commission # 2161649
My Comm. Expires Aug 27, 2020

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert Whitmore, Chapter 7 Trustee | Jesus Ocampo Gamez |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Hydee J. Riggs - Law Office of Hydee J. Riggs 34145 Pacific Coast Highway, Suite 359, Dana Point, CA 92629 Telephone: (949) 335-5440 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☒ Trustee | ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCE AND FOR TURNOVER OF PROPERTY OF THE ESTATE

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Juanita Magdalena Garza | BANKRUPTCY CASE NO.<br>6:21-bk-14497-WJ | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Wayne E. Johnson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

/s/ Hydee J. Riggs

| DATE<br>October 13, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Hydee J. Riggs |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.